**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| HAIHUA ZHOU,<br><br>Plaintiff,<br><br>v.<br><br>SCHEDULE A DEFENDANTS,<br><br>Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) | Civil Action No. 2:26-cv-02466<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR DESIGN PATENT INFRINGEMENT

Plaintiff Haihua Zhou ("Plaintiff") brings this Complaint against the defendants identified on Schedule A (collectively, "Defendants") and alleges as follows:

## NATURE OF THE ACTION

1. This is an action for infringement of United States Design Patent No. D1,099,404 S (the "D'404 Patent") under the Patent Act, 35 U.S.C. § 1 *et seq*.

2. Defendants operate online storefronts on the Amazon.com marketplace. Through those storefronts, Defendants offer to sell, sell, and/or import into the United States candle warmer lamps whose appearance is substantially the same as the design claimed in the D'404 Patent (the "Accused Products").

3. Each Defendant's storefront name, marketplace identifier, and accused listings are identified on Schedule A, which Plaintiff is seeking leave of Court to file under seal and which is incorporated herein by reference.

4. Joinder of Defendants is proper under Federal Rule of Civil Procedure 20(a)(2) and 35 U.S.C. § 299(a). Plaintiff does not rely alone on the allegation that each Defendant

infringes the D’404 Patent. Plaintiff alleges that Defendants’ accused activities are connected through a common source and arise from the same series of transactions or occurrences.

5. The Accused Products are substantially identical products featuring a common product configuration. These products are sold under different brand names by separately registered storefronts to the same customer pool. On information and belief, the Accused Products sold by Defendants originate from a common manufacturer or supplier, as indicated by their shared product configuration and other common characteristics reflected in their respective product listings.

6. Questions of fact common to all Defendants will arise in this action, including the configuration of the Accused Products, the source and development of the Accused Products, the scope and validity of the D’404 Patent, the relevant prior art considered under the ordinary-observer test, and the ordinary-observer comparison between the patented design and the Accused Products’ common configuration.

**THE PARTIES**

7. Plaintiff is an individual residing in China. Plaintiff is the inventor and owner of all right, title, and interest in the D’404 Patent.

8. On information and belief, each Defendant is a business entity organized under the laws of China and operates its own commercial seller account on Amazon.com. Each Defendant’s seller profile displays a business name and address in China. On information and belief, each Defendant has its principal place of business outside the United States.

**JURISDICTION AND VENUE**

9. This Court has subject-matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the patent laws of the United States.

10. This Court has personal jurisdiction over each Defendant because, among other things, each Defendant has minimum contacts with this forum as a result of business regularly conducted within the Commonwealth of Pennsylvania and within this District. Each Defendant operates an interactive storefront through which it offers the Accused Products to consumers in Pennsylvania, including in this District. Each Defendant accepted an order for an Accused Product to be delivered to Pittsburgh, Pennsylvania, within this District. Plaintiff's claims arise out of and relate to those offers and sales. Pennsylvania's long-arm statute extends jurisdiction to the fullest extent permitted by the United States Constitution. 42 Pa. Cons. Stat. § 5322. Exercise of jurisdiction comports with the traditional notions of fair play and substantial justice.

11. In the alternative, to the extent any Defendant is not subject to the jurisdiction of the courts of general jurisdiction of any State, this Court has personal jurisdiction over that Defendant under Federal Rule of Civil Procedure 4(k)(2), because Plaintiff's claim arises under federal law and the exercise of jurisdiction is consistent with the United States Constitution and laws in view of Defendants' offers and sales of the Accused Products to consumers throughout the United States.

12. Venue is proper in this District under 28 U.S.C. § 1391(c)(3) because, on information and belief, each Defendant is not a resident of the United States and therefore may be sued in any judicial district.

13. Venue is also proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to Plaintiff's claim, including Defendants' offers to sell and sales of the Accused Products for delivery to Pittsburgh, Pennsylvania, occurred in this District.

**FACTUAL BACKGROUND**

14. The United States Patent and Trademark Office ("USPTO") issued the D'404

Patent, titled “Candle Warmer Lamp,” on October 21, 2025. Plaintiff is the named inventor. A true copy of the D’404 Patent is attached as Exhibit 1. The patent claims the ornamental design for a candle warmer lamp as shown and described therein.

15. Each Accused Product embodies an overall ornamental design that Plaintiff alleges is substantially similar to the design claimed in the D’404 Patent, including similarities in the overall configuration, proportions, contours, and ornamental appearance of the claimed design as a whole.

16. In the eye of an ordinary observer familiar with the prior art, giving such attention as a purchaser usually gives, the design of each Accused Product is substantially the same as the design claimed in the D’404 Patent, such that the resemblance would deceive the observer into purchasing an Accused Product supposing it to be the patented design.

17. Defendants are not licensed or otherwise authorized by Plaintiff to make, use, offer to sell, sell, or import into the United States the Accused Products embodying the design claimed in the D’404 Patent.

18. Plaintiff has preserved Amazon product listings, seller profile information, and test-purchase evidence documenting an order placed with each Defendant for an Accused Product to be shipped to Pittsburgh, Pennsylvania, within this District.

**COUNT I**
**INFRINGEMENT OF U.S. DESIGN PATENT NO. D1,099,404 S**
**(35 U.S.C. § 271)**

19. Plaintiff repeats and realleges the allegations of the preceding paragraphs as if fully set forth herein.

20. The D’404 Patent was duly and legally issued, is in full force and effect, and is presumed valid under 35 U.S.C. § 282(a).

21. Defendants have infringed and continue to infringe the D'404 Patent under 35 U.S.C. § 271(a) by, among other things, offering to sell, selling, and/or importing into the United States the Accused Products identified on Schedule A.

22. Defendants' infringement has caused and, unless enjoined, will continue to cause Plaintiff irreparable harm for which Plaintiff has no adequate remedy at law. Plaintiff is entitled to injunctive relief under 35 U.S.C. § 283.

23. Plaintiff is entitled to recover damages adequate to compensate for Defendants' infringement under 35 U.S.C. § 284 or, at Plaintiff's election, Defendants' total profits from their sales of the Accused Products under 35 U.S.C. § 289.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in Plaintiff's favor and grant the following relief:

A. A judgment that each Defendant has infringed the D'404 Patent;

B. A temporary restraining order and preliminary and permanent injunctions under 35 U.S.C. § 283 and Federal Rule of Civil Procedure 65 enjoining Defendants, their officers, agents, servants, employees, and attorneys, and all other persons in active concert or participation with any of them who receive actual notice of the order or injunctions, from making, using, offering to sell, selling, or importing into the United States the Accused Products and any product not more than colorably different from them;

C. An award of damages adequate to compensate Plaintiff for Defendants' infringement under 35 U.S.C. § 284 or, at Plaintiff's election, Defendants' total profits under 35 U.S.C. § 289;

D. A finding that this case is exceptional and an award of reasonable attorney fees under 35 U.S.C. § 285;

E. An award of costs and of pre-judgment and post-judgment interest; and

F. Such other and further relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury on all issues so triable.

Dated: November 17, 2026

Respectfully submitted,

/s/ Chen Xue

Chen Xue (NY Bar # 5909999)
870 Sunset Ave
Haworth, NJ 07641
Phone:917-742-0999
Email: chxue@ucdavis.edu

*Proposed Pro Hac Vice Counsel for Plaintiff*